# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| Roy Ayala, | : |
| Plaintiff, | : Civil Action No.: 4:15-cv-02559 |
| v. | : |
| Stellar Recovery, Inc., | : **COMPLAINT** |
| Defendant. | : **JURY** |

For this Complaint, Plaintiff, Roy Ayala, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     Plaintiff, Roy Ayala ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant, Stellar Recovery, Inc. ("Stellar"), is a Montana business entity with an address of 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

5.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Stellar Engages in Harassment and Abusive Tactics**

9.     Within the last year, Stellar called Plaintiff's place of employment in an attempt to collect the Debt.

10.     The calls to Plaintiff's place of employment contained a prerecorded message indicating that Stellar was calling in an attempt to collect the Debt from Plaintiff.

11.     On at least one occasion, Plaintiff's coworker answered a call and heard the message.  This disclosure caused Plaintiff significant stress and embarrassment.

**C.**     **Plaintiff Suffered Actual Damages**

12.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

2

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant disclosed to Plaintiff's coworker that it was calling to collect the Debt.

16.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

17.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

18.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

19.     Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Punitive damages; and

5.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 3, 2015

Respectfully submitted,

By:  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424